

Bhupendra K Shah
540 Highview Avenue
Pearl River, NY 10965

March 7, 2025

Hon. Vito Genna, Chief Clerk
Southern District of New York
White Plains courthouse
300 Quarropas Street
White Plains, N.Y. 10601-4150

Re: Docket # 04 CV 07342 (CLB)(LMS)
Notice of motion under 60(b)(5) of F.R.C.P.

Dear Ms Genna:

Good morning!

Since Hon. Charles Brieant rests in heaven, I do not know the name of a judge to whom I should send this Notice of motion. Therefore, I am enclosing the following papers to you for forwarding them to the appropriate judge:

1. Proof of Service
2. Notice of Motion under Rule 60(b)(5) of F.R.C.P.
3. Memorandum of Law in support of the motion for relief from judgment invoking Rule 60(b)(5) of F.R. C.P.

If you need any other information, please do not hesitate to Email me at kbshah922@gmail.com. ,

Respectfully Submitted

Bhupendra K. Shah
Pro Se Bhupendra K Shah

Cc. Mr Mark Rosenzweig Esq
    N.Y. S. Office of the Attorney General
    44 South Broadway
    White Plains, NY 10601

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

__Bhupendra K Shah__
Write the full name of each plaintiff or petitioner.

Case No. 04 CV 07342

-against-

NOTICE OF MOTION

__Helen Hayes Hospital and N.Y. STATE Department of Health__
Write the full name of each defendant or respondent.

PLEASE TAKE NOTICE that __Plaintiff__ (plaintiff or defendant) __Bhupendra K. Shah__ (name of party who is making the motion)

requests that the Court:

to grant this motion for relief from judgment entered on May 23, 2006 invoking Rule 60(b)(5) of F.R.C.P.

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☑ a memorandum of law

☐ my own declaration, affirmation, or affidavit

☐ the following additional documents:

__March 7, 2025__
Dated

__Bhupendra K. Shah__
Signature

__Bhupendra K Shah__
Name

Prison Identification # (if incarcerated)

__540 Highview Av.__   __Pearl River__   __NY__   __10965__
Address                  City            State   Zip Code

__845-623-6158__   __kbshah922@gmail.com__
Telephone Number (if available)   E-mail Address (if available)

SDNY Rev: 5/24/2016

**AFFIRMATION OF SERVICE BY MAIL**

STATE OF NEW YORK
COUNTY OF ROCKLAND SS:

I, BHUPENDRA K SHAH, declare under penalty of perjury that I on March 7, 2025, I served one copy of "Memorandum of Law in support of the motion for relief from judgement invoking Rule 60(b)(5) of F.R.C. P." to Attorney Mr. Mark Rosenzweig (or any other attorney) at his last known address(es) set forth below:

**Mr. MarkRosenzweig (or any other attorney)**
N.Y. Office of the Attorney General
44 South Broadway
White Plains, N.Y. 10601.

March 7, 2025

(Signature) Bhupendra K. Shah
(Print Name) Bhupendra K Shah

---

Plaintiff's Rule 60(b) Motion is denied. The basis for the motion is a purported change in the law from when Judge Brieant granted summary judgment in favor of Defendants in 2006. (Dkt. No. 32.). The basis for the Motion, which Defendants properly note should be construed as being governed by Rule 60(b)(6), is the Supreme Court's decision in Muldrow v. City of St. Louis, Missouri, in which the Court held that, "[a]lthough an employee must show some harm from a forced transfer to prevail in a Title VII suit, she need not show that the injury satisfies a significance test." 601 U.S. 346, 350 (2024).

As Defendants note, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. 203, 239 (1997). And so it is here. Summary judgment was granted in this case, not because Palintiff failed to establish a harm sufficient to support his discrimination claim as it related to Plaintiff's 2002 transfer, but because he failed to establish either that he applied for a promotion or that the transfer was motivated by discrimination. (Dkt. 45-1 at 33.). Moreover, to the extent Plaintiff seeks to shoe-horn a 1997 transfer, that claim would be untimely for the reasons given in the Report and Recommendation adopted by Judge Brieant. (Dkt. 45-1 at 2-22.). Therefore, there is no reason to doubt the viability of 2006 judgment in the wake of the Muldrow decision.

So Ordered.
6/18/25